IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>JENNIFER MCLICK. | Master Docket: Misc. No. 21-mc-1230<br><br>Member Case No.<br><br>MDL No. 3014<br><br>SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL |

Plaintiff incorporates by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi- Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff further allege as follows:

**I.     DEFENDANTS**

    1.    Plaintiff(s) name(s) the following Defendants in this action:

        X_____ Koninklijke Philips N.V.

        X_____ Philips North America LLC.

        X_____ Philips RS North America LLC.

        __X___ Philips Holding USA Inc.

        __X___ Philips RS North America Holding Corporation.

        __X___ Polymer Technologies, Inc.

        __X___ Polymer Molded Products LLC.

**II.**    **PLAINTIFF**

2.    Name of Plaintiff:

Jennifer McLick.

3.    Name of spouse of Plaintiff (if loss of consortium claim is being made):

n/a

4.    Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

n/a

5.    State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

Illinois.

**III.     DESIGNATED FORUM**

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

    Northern District of Illinois.

**IV.     USE OF A RECALLED DEVICE**

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☐ REMstar SE Auto |
| ☐ DreamStation ST, AVAPS | ☐ Trilogy 100 |
| ☐ SystemOne ASV4 | ☐ Trilogy 200 |
| ☐ C-Series ASV | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ C-Series S/T and AVAPS | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ OmniLab Advanced + | ☐ A-Series BiPAP V30 Auto |
| ☐ SystemOne (Q-Series) | ☐ A-Series BiPAP A40 |
| ☐ DreamStation | ☐ A-Series BiPAP A30 |
| ☐ DreamStation Go | ☒ Other Philips Respironics Device; if other, identify the model: |
| ☐ Dorma 400 |    REMstar Pro C-Flex |

**V.     INJURIES**

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer, Kidney

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☒ Other: incisional hernia.

VI. **CAUSES OF ACTION/DAMAGES**

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    X   Count I:       Negligence

    X   Count II:      Strict Liability: Design Defect

    X   Count III:     Negligent Design

    X   Count IV:      Strict Liability: Failure to Warn

    X   Count V:       Negligent Failure to Warn

    X   Count VI:      Negligent Recall

    X   Count VII:     Battery

    X   Count VIII:    Strict Liability: Manufacturing Defect

    X   Count IX:      Negligent Manufacturing

    X   Count X:       Breach of Express Warranty

    X   Count XI:      Breach of the Implied Warranty of Merchantability

    X   Count XII:     Breach of the Implied Warranty of Usability

    X   Count XIII:    Fraud

    X   Count XIV:     Negligent Misrepresentation

    X   Count XV:      Negligence Per Se

4

      __X__   Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

      __X__   Count XVII:  Unjust Enrichment

      __X__   Count XVIII: Loss of Consortium

      __X__   Count XIX:   Survivorship and Wrongful Death

      __X__   Count XX:    Medical Monitoring

      __X__   Count XXI:   Punitive Damages

      __X__   Count XXII:  Other:

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

      __X__   Count I:      Negligence

      __X__   Count II:     Strict Liability: Design Defect

      __X__   Count III:    Negligent Design

      __X__   Count IV:    Strict Liability: Failure to Warn

      __X__   Count V:     Negligent Failure to Warn

      __X__   Count VI:    Negligent Recall

      __X__   Count VII:   Battery

      __X__   Count VIII:  Strict Liability: Manufacturing Defect

      __X__   Count IX:    Negligent Manufacturing

      __X__   Count X:     Breach of Express Warranty

      __X__   Count XI:    Breach of the Implied Warranty of Merchantability

    <u> X   </u>    Count XII:    Breach of the Implied Warranty of Usability

    <u> X   </u>    Count XIII:    Fraud

    <u> X   </u>    Count XIV:    Negligent Misrepresentation

    <u> X   </u>    Count XV:    Negligence Per Se

    <u> X   </u>    Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

    <u> X   </u>    Count XVII:    Unjust Enrichment

    <u> X   </u>    Count XVIII:    Loss of Consortium

    <u> X   </u>    Count XIX:    Survivorship and Wrongful Death

    <u> X   </u>    Count XX:    Medical Monitoring

    <u> X   </u>    Count XXI:    Punitive Damages

    <u> X   </u>    Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

11.    As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    <u> X   </u>    Count I:    Negligence

    <u> X   </u>    Count II:    Strict Liability: Design Defect

    <u> X   </u>    Count III:    Negligent Design

    <u> X   </u>    Count IV:    Strict Liability: Failure to Warn

    <u> X   </u>    Count V:    Negligent Failure to Warn

    <u> X   </u>    Count VI:    Negligent Recall

    <u> X   </u>    Count VII:    Battery

    <u>  X  </u>    Count VIII:    Strict Liability: Manufacturing Defect

    <u>  X  </u>    Count IX:    Negligent Manufacturing

    <u>  X  </u>    Count X:    Breach of Express Warranty

    <u>  X  </u>    Count XI:    Breach of the Implied Warranty of Merchantability

    <u>  X  </u>    Count XII:    Breach of the Implied Warranty of Usability

    <u>  X  </u>    Count XIII:    Fraud

    <u>  X  </u>    Count XIV:    Negligent Misrepresentation

    <u>  X  </u>    Count XV:    Negligence Per Se

    <u>  X  </u>    Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

    <u>  X  </u>    Count XVII:    Unjust Enrichment

    <u>  X  </u>    Count XVIII:    Loss of Consortium

    <u>  X  </u>    Count XIX:    Survivorship and Wrongful Death

    <u>  X  </u>    Count XX:    Medical Monitoring

    <u>  X  </u>    Count XXI:    Punitive Damages

    <u>  X  </u>    Count XXII:    Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    <u>  X  </u>    Count I:    Negligence

    <u>  X  </u>    Count II:    Strict Liability: Design Defect

    <u>  X  </u>    Count III:    Negligent Design

  __X__  Count IV:  Strict Liability: Failure to Warn

  __X__  Count V:  Negligent Failure to Warn

  __X__  Count VI:  Negligent Recall

  __X__  Count VII:  Battery

  __X__  Count VIII:  Strict Liability: Manufacturing Defect

  __X__  Count IX:  Negligent Manufacturing

  __X__  Count X:  Breach of Express Warranty

  __X__  Count XI:  Breach of the Implied Warranty of Merchantability

  __X__  Count XII:  Breach of the Implied Warranty of Usability

  __X__  Count XIII:  Fraud

  __X__  Count XIV:  Negligent Misrepresentation

  __X__  Count XV:  Negligence Per Se

  __X__  Count XVI:  Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

  __X__  Count XVII:  Unjust Enrichment

  __X__  Count XVIII:  Loss of Consortium

  __X__  Count XIX:  Survivorship and Wrongful Death

  __X__  Count XX:  Medical Monitoring

  __X__  Count XXI:  Punitive Damages

  __X__  Count XXII:  Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries,

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| X | Count I: | Negligence |
| X | Count II: | Strict Liability: Design Defect |
| X | Count III: | Negligent Design |
| X | Count IV: | Strict Liability: Failure to Warn |
| X | Count V: | Negligent Failure to Warn |
| X | Count VI: | Negligent Recall |
| X | Count VII: | Battery |
| X | Count VIII: | Strict Liability: Manufacturing Defect |
| X | Count IX: | Negligent Manufacturing |
| X | Count X: | Breach of Express Warranty |
| X | Count XI: | Breach of the Implied Warranty of Merchantability |
| X | Count XII: | Breach of the Implied Warranty of Usability |
| X | Count XIII: | Fraud |
| X | Count XIV: | Negligent Misrepresentation |
| X | Count XV: | Negligence Per Se |
| X | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| X | Count XVII: | Unjust Enrichment |
| X | Count XVIII: | Loss of Consortium |
| X | Count XIX: | Survivorship and Wrongful Death |
| X | Count XX: | Medical Monitoring |
| X | Count XXI: | Punitive Damages |

    __X___ Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

  13. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    __X___ Count I: Negligence

    __X___ Count II: Strict Liability: Design Defect

    __X___ Count III: Negligent Design

    __X___ Count IV: Strict Liability: Failure to Warn

    __X___ Count V: Negligent Failure to Warn

    __X___ Count VIII: Strict Liability: Manufacturing Defect

    __X___ Count IX: Negligent Manufacturing

    __X___ Count XIII: Fraud

    __X___ Count XIV: Negligent Misrepresentation

    __X___ Count XVII: Unjust Enrichment

    __X___ Count XVIII: Loss of Consortium

    __X___ Count XIX: Survivorship and Wrongful Death

    __X___ Count XX: Medical Monitoring

    __X___ Count XXI: Punitive Damages

    __X___ Count XXII: Other [specify below]

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

14. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    _X_    Count I:       Negligence

    _X_    Count II:      Strict Liability: Design Defect

    _X_    Count III:     Negligent Design

    _X_    Count IV:      Strict Liability: Failure to Warn

    _X_    Count V:       Negligent Failure to Warn

    _X_    Count VIII:    Strict Liability: Manufacturing Defect

    _X_    Count IX:      Negligent Manufacturing

    _X_    Count XIII:    Fraud

    _X_    Count XIV:     Negligent Misrepresentation

    _X_    Count XVII:    Unjust Enrichment

    _X_    Count XVIII:   Loss of Consortium

    _X_    Count XIX:     Survivorship and Wrongful Death

    _X_    Count XX:      Medical Monitoring

    _X_    Count XXI:     Punitive Damages

    _X_    Count XXII:    Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

15. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

15(a)   At the time Defendants designed, manufactured, marketed, sold, and distributed the

11

      Philips REMstar Pro CPAP device for use by Plaintiff, Defendants knew of the use for which these devices were intended and impliedly warranted these products to be of merchantable quality and safe for such use and that their design, manufacture, labeling, and marketing complied with all applicable federal requirements.

15(b)   The Philips REMstar Pro CPAP device manufactured and supplied by Defendants were not merchantable quality and were not fit for the ordinary and/or particular purpose for which they were intended as, among other defects, the risks included and unreasonably high risk of developing cancer or other serious illness due to the release of toxic and carcinogenic particles from the device's PE-PUR sound abatement foam.

15(c)   Plaintiff and/or Plaintiff's physician reasonably relied upon the skill and judgment of Defendants as to whether the Philips REMstar Pro CPAP device was of merchantable quality and safe for its intended and particular use and purpose, and upon Defendants' implied warranty as to such matters.

15(d)   Contrary to such warranties, the Philips REMstar Pro CPAP device was not of merchantable quality of safe for its intended and particular use and purpose, because the product was defective when used normally as described above, and/or failed to comply with federal requirements.

15(e)   As a direct and proximate cause of Defendants' breach of implied warranties, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future and is entitled to compensatory damages in an amount to be proven at trial.

16.   Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

HEALTH TECHNOLOGY RESOURCES, LLC, a limited liability company organized under and existing under the laws of the State of Illinois and having a principal place of business at 1400 East Lake Cook Road, Suite 170, Buffalo Grove, Illinois 60089.

17.   Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

      X_____   Count I:     Negligence

      X_____   Count II:    Strict Liability: Design Defect

__X__    Count III:     Negligent Design

__X__    Count IV:      Strict Liability: Failure to Warn

__X__    Count V:       Negligent Failure to Warn

__X__    Count VIII:    Strict Liability: Manufacturing Defect

__X__    Count IX:      Negligent Manufacturing

__X__    Count XIII:    Fraud

__X__    Count XIV:     Negligent Misrepresentation

__X__    Count XVII:    Unjust Enrichment

__X__    Count XVIII:   Loss of Consortium

__X__    Count XIX:     Survivorship and Wrongful Death

__X__    Count XX:      Medical Monitoring

__X__    Count XXI:     Punitive Damages

__X__    Count XXII:    Other

Breach of Implied Warranty of Merchantability for a Particular Purpose (810 ILCS 5/2-314)

Breach of Implied Warranty of Fitness for a Particular Purpose (810 ILCS 5/2-315)

WHEREFORE, Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff may be entitled.

Date: 2/8/2023                                                                                   By: /s/ David Gallagher
                                                                                                                David J. Gallagher

**MOTHERWAY & NAPLETON, LLP.**
Attorneys for Plaintiff
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699 – PHONE
(312) 726-6851 – FAX
Atty. No. 56421
ARDC No. 6294250